CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN DEWAYNE JUSTICE,<br>    Plaintiff,<br><br>v.<br><br>HEATHER GREER, et al.,<br>    Defendants. | Case No. 7:24-cv-00248<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Steven DeWayne Justice, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Heather Greer and Ianette Owens. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed Justice's amended complaint, the court concludes that it must be dismissed for failure to state a claim against the defendants.

## Background

Justice is incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. According to the amended complaint, Greer and Owens are nurses at the jail. Justice alleges in a conclusory manner that Greer and Owens "refused to treat [him]." Am. Compl. 2, ECF No. 9.

## Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes the amended complaint as attempting to assert claims of deliberate indifference to a serious medical need. The constitutional standard that applies to claims of deliberate indifference depends on whether Justice was a convicted prisoner or a pretrial detainee at the time of the incidents at issue. A convicted prisoner's claim of deliberate indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual

punishment, while a pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Stevens v. Holler, 68 F.4th 921, 930–31 (4th Cir. 2023).

"An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). The plaintiff must plausibly allege that the defendant "acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The subjective component of deliberate indifference "requires that the official have 'had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.'" Mays, 992 F.3d at 300 (quoting Jackson, 775 F.3d at 178). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson, 775 F.3d at 178.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citation omitted). To state a claim for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment, "a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to

3

act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). Allegations of mere negligence do not suffice. Id. at 611–12.

Applying these principles, the court concludes that Justice's amended complaint fails to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Although he alleges that Greer and Owens refused to provide medical treatment, his amended complaint does not describe the medical condition for which he sought treatment or otherwise include any facts from which the court could reasonably infer that Justice "had a medical condition or injury that posed a substantial risk of serious harm." Id. at 611. Likewise, without additional factual content, the allegations in the amended complaint do not provide a plausible basis to conclude that Justice suffered any harm as a result of the defendants' actions or that the defendants "consciously disregarded the risk that their action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Id. Consequently, the amended complaint fails to state an Eighth or Fourteenth Amendment claim of deliberate indifference against either defendant.

## Conclusion

For the foregoing reasons, the court concludes that Justice's amended complaint is subject to dismissal for failure to state a claim against the defendants. Based on his status as a

4

5

pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file a second amended complaint within 30 days. An appropriate order will be entered.

    Entered: August 9, 2024

    Mike Urbanski
    Senior U.S. District Judge
    2024.08.09 12:08:42 -04'00'

    Michael F. Urbanski
    Senior United States District Judge